O

# United States District Court
# Central District of California

| | |
|---|---|
| KRISTAL ALVAREZ,<br><br>           Plaintiff,<br><br>    v.<br><br>GALPIN MOTORS, INC., et al.,<br><br>           Defendants. | Case № 2:22-cv-01598-ODW (MRWx)<br><br>**ORDER GRANTING TRANS UNION'S MOTION TO DISMISS [22]; GRANTING AMERICAN HONDA FINANCE CORPORATION'S MOTION TO DISMISS [23]; and DENYING EQUIFAX'S JOINDER [37]** |

Defendant Trans Union LLC and Defendant American Honda Finance Corporation ("Honda Finance" or "AHFC") each move to dismiss the claims Plaintiff Kristal Alvarez asserts against them in her operative Amended Complaint. (Trans Union Mot., ECF No. 22; AHFC Mot., ECF No. 23; *see* Notice of Removal Ex. A ("Am. Compl."), ECF No. 1-1.) Defendant Equifax Information Services LLC seeks to join in Trans Union's Motion to Dismiss. (Joinder, ECF No. 37.) After carefully considering the papers filed in connection with the Motions and Joinder, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons that follow, the Court **GRANTS** Trans Union's and Honda Finance's Motions and **DENIES** Equifax's Joinder.

### A. Trans Union Motion to Dismiss

Alvarez brings a single claim against Trans Union, for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). (Am. Compl. ¶¶ 111–24.) Trans Union moves to dismiss this claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and noticed the motion hearing on April 18, 2022. (*See* Notice of Mot. 1, ECF No. 22.) Alvarez was thus required to file any opposition no later than March 28, 2022. *See* C.D. Cal. L.R. 7-9 (requiring a party opposing a noticed motion to file an opposition no later than twenty-one days before the designated hearing date). On April 11, 2022, two weeks after the deadline to oppose, the Court received Alvarez's Opposition to Trans Union's Motion. (Opp'n TU Mot., ECF No. 40.)

Central District Civil Local Rule ("Local Rule") 7-12 provides that a failure to timely file a required responsive document such as an opposition may be deemed as consent to the granting of the motion. *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on plaintiff's failure to oppose motion as required by local rules). Prior to dismissing an action, or a defendant, pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *See Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange*, No. SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had ample opportunity to respond yet failed to do so. *See* 46 F.3d at 54.

The Court has considered the *Ghazali* factors and finds they support granting Trans Union's Motion. Although Alvarez is proceeding pro se, she was properly served with Trans Union's Motion, and Trans Union's attorney attempted several times to confer with Alvarez prior to filing the Motion. (*See* Certificate of Service, ECF No. 23-3; Decl. Kristin L. Marker ¶¶ 5–7, ECF No. 22-1.) Therefore, Alvarez received notice of the Motion and had sufficient opportunity to timely respond but failed to do so. Alvarez signed her Opposition on April 9, 2022, nearly two weeks after her deadline, and offers no explanation for her delay in opposing Trans Union's Motion. (*See generally* Opp'n TU Mot.) As such, the Court finds granting Trans Union's Motion as unopposed is appropriate. *See* C.D. Cal. L.R. 7-12; *Ghazali*, 46 F.3d at 54.

The Court also considers Trans Union's Motion on its merits and finds that Alvarez fails to state a claim against Trans Union in her Amended Complaint. To state a claim under § 1681e(b) of the FCRA, a plaintiff must establish that the credit reporting agency prepared a report containing inaccurate information; however, an agency will *not* be liable if it establishes that it followed reasonable procedures. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Thus, "[l]iability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Id.*

Here, Alvarez's sole allegation against Trans Union is that it "failed to follow any reasonable procedures to maximum [sic] possible accuracy of the information in reports that it prepared." (Am. Compl. ¶ 124.) Alvarez does not allege that Trans Union prepared any credit report in her name or that such a report contained inaccurate information. (*See id.* ¶¶ 111–24.) Moreover, Alvarez does not allege any facts related to procedures or policies that were purportedly unreasonable, nor how Trans Union's purported failure to follow reasonable procedures caused Alvarez any damages. (*See id.*) Thus, Alvarez fails to state a claim against Trans Union for violation of the FCRA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

Even were the Court to consider Alvarez's untimely opposition, the same result obtains. In her Opposition, Alvarez fails to coherently address the above deficiencies. (*See* Opp'n TU Mot.) Although a pro se complaint must be construed liberally, a "liberal interpretation . . . may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, the Court **GRANTS** Trans Union's Motion to Dismiss Alvarez's claim against it, as unopposed and for failure to state a claim. As the Court cannot find that any amendment would be futile, dismissal is **with leave to amend** to address the above-noted deficiencies. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Amendment beyond the permitted scope will be dismissed or stricken.

**B.      Honda Finance Motion to Dismiss**

Alvarez asserts seven claims against Honda Finance: (1) violation of the California Consumers Legal Remedies Act; (2) violation of the Song-Beverly Consumer Warranty Act; (3) violation of the California Unfair Competition Law; (4) Breach of Implied Warranty of Merchantability; (5) Negligence; (6) Unconscionability; and (7) Manufacturer Defect. (Am. Compl. ¶¶ 29–110.) Honda Finance moves to dismiss all claims against it on the ground that Alvarez has named the wrong defendant. (AHFC Mot. 1.) Honda Finance argues that all of Alvarez's allegations against it demonstrate Alvarez's mistaken belief that Honda Finance is an automobile manufacturer, when in truth Honda Finance is a finance company that provides loans in connection with the purchase or lease of vehicles. (*Id.*; Req. Judicial Notice Ex. 1, ECF No. 23-1 (Honda Finance's "Statement of

Information" filed with the California Secretary of State, certifying that Honda Finance's business is "Wholesale and Retail Financing").)

Like Trans Union, Honda Finance noticed its Motion for hearing on April 18, 2022. Similarly, then, Alvarez's deadline to oppose Honda Finance's Motion was March 28, 2022. *See* C.D. Cal. L.R. 7-9. Alvarez did not oppose Honda Finance's Motion, timely or otherwise, nor has she filed any other response. Consideration of the *Ghazali* factors here likewise convinces the Court that granting the Motion as unopposed is appropriate. Honda Finance served Alvarez with the Motion, so she had notice of the Motion and sufficient opportunity to respond but failed to do so. Granting Honda Finance's Motion is even more warranted where, unlike Trans Union's Motion discussed above, Alvarez did not oppose or respond to Honda Finance's Motion at all. Moreover, Alvarez's Opposition to Trans Union's Motion cannot be construed as also opposing Honda Finance's Motion because the Opposition does not mention or allude in any way to Honda Finance or its arguments, and it expressly refers only to Trans Union and Trans Union's counsel. (*See generally* Opp'n TU Mot.)

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Honda Finance's Motion as unopposed and **DISMISSES** Alvarez's Amended Complaint as to Honda Finance. As Alvarez elected not to oppose and therefore consented to the Court dismissing Honda Finance, dismissal of Honda Finance is **without leave to amend**.

C. **Equifax Joinder**

As discussed above, Trans Union noticed its Motion for hearing on April 18, 2022, meaning Alvarez's Opposition was due by March 28, 2022. After Alvarez failed to timely oppose Trans Union's Motion, on April 2, 2022, Equifax filed its Joinder in Trans Union's Motion. Equifax argues that all the reasons set forth in Trans Union's Motion apply equally to it. (*See* Joinder 1.)

The Court finds Equifax's Joinder improper for several reasons. First, a defendant may not delay its request to join a dispositive motion until a plaintiff fails to oppose the motion. By doing so here, Equifax deprived Alvarez of notice that Equifax sought dispositive relief and an opportunity to respond. Second, Equifax has filed an Answer to the Amended Complaint, (*see* Notice of Removal Ex. A ("Equifax Answer"), ECF No. 1-1), and is therefore prohibited from joining Trans Union's Rule 12(b)(6) Motion, *see* Fed. R. Civ. P. 12(b) (prohibiting parties from moving for dismissal under Rule 12(b)(6) after having answered). Equifax acknowledges this inconsistency and requests that the Court consider its Joinder as a Motion for Judgment on the Pleadings pursuant to Rule 12(c). (Joinder 2 n.1.) The Court declines to permit Equifax to circumvent the notice requirements of federal motion practice in this way. Equifax's Joinder is **DENIED** without prejudice to Equifax filing a regularly noticed motion pursuant to the Federal and Local Rules.

### D. Conclusion

For the reasons discussed above, Trans Union's Motion to Dismiss is **GRANTED with leave to amend**. (ECF No. 22.) Honda Finance's Motion to Dismiss is **GRANTED without leave to amend**. (ECF No. 23.) Equifax's Joinder is **DENIED**. (ECF No. 37.)

Alvarez may file a Second Amended Complaint, to be **RECEIVED by the Court no later than June 10, 2022**. If Alvarez files a timely Second Amended Complaint, Defendants shall Answer or otherwise respond in accordance with Rule 15(a)(3). **If the Court does not RECEIVE a Second Amended Complaint from Alvarez by the date above, the dismissal in favor of Trans Union will convert to a dismissal with prejudice** and the case will proceed on the current pleadings against the remaining Defendants.

Alvarez is advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions. The Los Angeles Clinic operates by appointment only. Appointments are available either

by calling the Clinic or by using an internet portal. The Clinic can be reached at (213) 385-2977, ext. 270 or through an online request at: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through an email account. It may be more convenient to email questions or schedule a telephonic appointment. Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. **Alvarez is encouraged to visit the Clinic or otherwise consult with an attorney prior to filing a Second Amended Complaint**.

**IT IS SO ORDERED.**

May 10, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**