O

# United States District Court
# Central District of California

| | |
|---|---|
| KRISTAL ALVAREZ,<br><br>         Plaintiff,<br><br>    v.<br><br>GALPIN MOTORS, INC., et al.,<br><br>         Defendants. | Case № 2:22-cv-01598-ODW (MRWx)<br><br>**ORDER GRANTING MOTION TO DISMISS [66]** |

## I.  INTRODUCTION

Defendants Trans Union LLC; Experian Information Solutions, Inc.; and Equifax Information Services LLC ("Defendants") jointly move to dismiss Plaintiff Kristal Alvarez's Second Amended Complaint ("SAC").  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 66.)  After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** the SAC.

## II.  BACKGROUND

This action arises from Alvarez's lease of a 2019 Honda Civic and Defendants' credit reporting practices.  Proceeding pro se, Alvarez initiated this action against

1  Galpin Motors, Inc.; American Honda Finance Corporation; and Defendants, asserting
2  seven causes of action against Galpin Motors and Honda Finance relating to lease of
3  the Civic and one cause of action against Defendants for violation of the Fair Credit
4  Reporting Act ("FCRA").  (*See* Notice of Removal Ex. A ¶¶ 29–124, ECF No. 1-1.)
5  Honda Finance moved to dismiss, and the Court granted the motion as unopposed and
6  without leave to amend.  (Order Granting Mots. Dismiss 4–5, ECF No. 44.)  Trans
7  Union also moved to dismiss, and the Court granted the motion, dismissing the FCRA
8  claim as unopposed and, in the alternative, for failure to state a claim.  (*Id.* at 2–4.)
9  The Court granted Alvarez leave to amend to address the identified deficiencies in the
10 FCRA claim, and advised Alvarez to consult with an attorney or the Pro Se Clinic
11 prior to amending.  (*Id.* at 6–7.)

12      On June 9, 2022, Alvarez filed the SAC.  (SAC, ECF No. 58.)  She reasserted
13 the claims against Galpin Motors and Honda Finance, despite the Court's dismissal of
14 the claims against Honda Finance without leave to amend.  (*See id.*)  The Court struck
15 the claims against Honda Finance as improper, (Min. Order, ECF No. 62), and
16 Alvarez has since dismissed her claims against Galpin, (*see* Order re: Stip., ECF
17 No. 72).  Accordingly, the FCRA claim is the sole remaining cause of action.

18      After learning that Alvarez was not communicating with Defendants, the Court
19 held a Conference with the parties.  (Mins., ECF No. 65.)  The Court admonished
20 Alvarez for failing to follow Court directions and work with Defendants.  (*Id.*)  The
21 Court informed Alvarez that she will be held to the same standards as licensed
22 attorneys and is expected to know the applicable rules and procedures.  (*Id.*)  The
23 Court again advised Alvarez to seek legal counsel.  (*Id.*)

24      Following the Conference, Defendants filed this Motion in which they seek
25 dismissal of Alvarez's FCRA claim based on the same deficiencies the Court
26 identified in its previous dismissal order.  (Mot. 1–2.)  After the deadlines for briefing
27 the Motion passed and the Court had received no further briefing, the Court took the
28 matter under submission without oral argument.  (*See* ECF No. 69.)  Alvarez then

submitted an opposition to the Motion. (Opp'n, ECF No. 71.) Defendants request that the Court disregard the opposition as untimely. (Reply 2–3, ECF No. 73.)

### III. FAILURE TO TIMELY OPPOSE

Defendants noticed the hearing on the Motion on July 25, 2022, meaning Alvarez was required to file any opposition no later than July 1, 2022. *See* C.D. Cal. L.R. 7-9 (requiring a party opposing a noticed motion to file an opposition no later than twenty-one days before the designated hearing date); Fed. R. Civ. P. 6(a)(C) (computing time excluding holidays). The Court did not receive Alvarez's opposition until July 14, 2022, two weeks beyond the deadline.

Central District Civil Local Rule 7-12 provides that failure to timely file a required responsive document such as an opposition may be deemed as consent to the granting of the motion. *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on plaintiff's failure to oppose motion as required by local rules). Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *See id* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange*, No. SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had ample opportunity to respond yet failed to do so. *See* 46 F.3d at 54.

The Court has considered the *Ghazali* factors and finds they support granting the Motion. Prior to filing the Motion on June 23, 2022, Defendants' counsel conferred with Alvarez several times concerning the Motion, on June 13, 16, and 17,

2022. (*See* Notice of Mot. 1–2, ECF No. 66.) Therefore, Alvarez had notice of the Motion and sufficient opportunity to timely respond before the July 1 deadline, but failed to do so. Alvarez did not serve her opposition on Defendants until July 13, 2022, and the Court did not receive it until July 14, 2022, nearly two weeks late. As was the case when she untimely opposed Trans Union's prior motion to dismiss, Alvarez offers no explanation for her untimely response. (*See generally* Opp'n.) Finally, Alvarez is well aware of the consequences of failing to timely oppose because the Court has previously dismissed her claims on that basis. (*See* Order Granting Mots. Dismiss.) As such, the Court finds granting the Motion as unopposed is appropriate. *See* C.D. Cal. L.R. 7-12; *Ghazali*, 46 F.3d at 54.

## IV. FAILURE TO STATE A CLAIM

The Court also considers the Motion on its merits and finds that Alvarez fails to state a claim for FCRA violations.

Dismissal under Rule 12(b)(6) is appropriate when a complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although pro se pleadings are to be construed liberally, a court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Alvarez's FCRA claim is based on alleged violations of 15 U.S.C. § 1681e(b).[1] (*See* SAC ¶ 119–33.) To state a claim under § 1681e(b) of the FCRA, a plaintiff must establish that the credit reporting agency prepared a report containing inaccurate information; however, an agency will not be liable if it followed reasonable procedures. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

---

[1] Alvarez also mentions 15 U.S.C. § 1681e(a). (SAC ¶ 131.) However, that provision concerns a credit agency furnishing consumer reports to third parties, and Alvarez alleges no facts at all suggesting that any third party received her consumer report. Accordingly, the Court evaluates Alvarez's FCRA claim under § 1681e(b).

In the SAC, Alvarez alleges that Galpin "failed to provide the correct payment information" to Defendants, and that Alvarez identified "an error on her credit report, dispute[d] the information" with Trans Union, "they were explained whay [sic] the report was wrong," and Trans Union "incorrectly not taking care [sic] of the Plaintiff'[s] . . . request." (SAC ¶ 128–30.) Although these allegations border incomprehensible, construing them liberally, the Court discerns that Alvarez called Trans Union and disputed "information" on "her credit report"; Alvarez does not allege that any Defendant prepared Alvarez's credit report, that such a report contained an inaccuracy, or identify any such inaccuracy. Alvarez accordingly fails to state a claim under § 1681e(b).

Even were the Court to consider Alvarez's (second) untimely opposition, the same result obtains. Alvarez does not coherently address the identified deficiencies. (*See* Opp'n 4 (arguing Defendants "improperly reported [Alvarez's] information in her credit report," but not identifying any inaccuracy).) Although a pro se complaint must be construed liberally, a liberal reading cannot cure the absence of essential elements. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) ("[Pro se parties are] not excused from knowing the most basic pleading requirements.").

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as unopposed and because Alvarez again fails to state an FCRA claim. As the Court previously granted Alvarez leave to amend to correct these very deficiencies and she failed to do so in the SAC, the Court finds that further amendment would be futile. Therefore, dismissal is **without leave to amend**. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming denial of leave to amend where amended complaint failed to cure defects identified in order dismissing prior complaint).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** the FCRA claim **without leave to amend and with prejudice**. (ECF No. 66.) As the FCRA claim was the only remaining claim, this case is dismissed. All dates and deadlines are **VACATED**. The Court will issue Judgment consistent with this order.

**IT IS SO ORDERED.**

August 12, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**